IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,333-01






EX PARTE CARLOS LUIS CAMPOS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 9412877 IN THE 179TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to imprisonment for life. The Fourteenth Court of Appeals affirmed his conviction.
Campos v. State, No. 14-95-00740-CR (Tex. App.-Houston [14th Dist.], delivered June 5, 1997, pet.
ref'd). 

 Applicant contends, among other things, that the State failed to disclose a supplemental
police report written by Deputy M.G. Gonzales, and the fact that when Sean Aveilhe and Lynn Harris
testified, they were on deferred adjudication probation, motions to adjudicate their guilt had been
filed, and warrants for their arrests were outstanding. See Brady v. Maryland, 373 U.S. 83, 83 S. Ct.
1194, 10 L.Ed.2d 215 (1963). Applicant also contends that trial counsel rendered ineffective
assistance because he failed to impeach Rodney Mueller with an inconsistent statement he made to
the police.

 The trial court entered findings of fact and conclusions of law, and recommended that we
deny. We believe that the record is not adequate to resolve Applicant's claims. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether he is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall order Matthew Alford to submit a second affidavit in response to
Applicant's Brady allegations. The trial court shall then make further findings based on Alford's
affidavit as to whether the State failed to disclose evidence and, if so, whether the evidence was
favorable and material. See United States v. Bagley, 473 U.S. 667, 87 L. Ed.2d 481, 105 S. Ct. 3375
(1986). The trial court shall also make further findings of fact as to whether Applicant was
prejudiced by counsel's failure to impeach Mueller. The trial court shall make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 14, 2008

Do not publish